J-A07043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                   :             PENNSYLVANIA

            Appellee                :

            v.                         :

HEATH PATRICK WILCOX             :

            Appellant             :          No. 1974 EDA 2021

Appeal from the Judgment of Sentence Entered August 26, 2021
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000107-2020


COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                   :             PENNSYLVANIA

            Appellee                :

            v.                         :

HEATH PATRICK WILCOX             :

            Appellant             :          No. 1975 EDA 2021

Appeal from the Judgment of Sentence Entered August 26, 2021
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000108-2020


BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                         **FILED JULY 22, 2022**

Appellant, Heath Patrick Wilcox, appeals from the judgment of sentence

entered in the Wayne County Court of Common Pleas, following his open guilty

plea to criminal trespass—entering building or occupied structure, and criminal

trespass—defiant trespasser.[1]  We affirm and grant counsel's petition to withdraw.

The trial court set forth the relevant facts and procedural history of this case as follows:

> On May 11, 2020, [Appellant] was charged with Burglary – No Overnight Accommodations, Person Present, and Criminal Trespass; the crimes occurred on April 8, 2020. These charges were listed under Information 108-2020. Additional charges were filed by the Prosecution for Burglary – No Overnight Accommodations, and Criminal Trespass – Enter Structure; crimes that occurred on April 23, 2020. These charges were listed under Information 107-2020.  On July 8, 2021, an Amended Information was filed to 107-2020 adding a charge for Defiant Trespass – Enter Structure.
>
> On July 8, 2021, [Appellant] signed a written guilty plea to the charges of Defiant Trespass Posted and Criminal Trespass – Enter Structure; listed under case No.'s 107-2020 and 108-2020 respectively.  The [c]ourt swore in [Appellant] at his Guilty Plea Colloquy and questioned him about his understanding of the plea and satisfaction with his counsel.  [Appellant] responded affirmatively that he understood the gravity of the potential punishment attached to his plea and the facts of the case as read to him were substantially correct.  The signed Guilty Plea Colloquy is absent any mention of an in-patient rehabilitation option for [Appellant].  On this same day, the [c]ourt ordered a Pre-Sentence Investigation Report on [Appellant].
>
> …  On August 18, 2021, [Appellant] filed a Motion to Continue and Motion to Withdraw Guilty Pleas.  [Appellant] claimed he was under the belief that the Sentencing Judge agreed that he would be allowed to attend rehabilitation prior to sentencing, which he was not allowed to do.  There is, however, a drug and alcohol treatment program in the State Prison that the Sentencing Judge urged [Appellant] to

_____

[1] 18 Pa.C.S.A. § 3503(a)(1) and (b)(1).

> participate in. [The court denied Appellant's motion to withdraw and sentenced him on August 26, 2021 to an aggregate term of 15 to 60 months' imprisonment].

(Trial Court Opinion, 11/9/21, at 1-2).

Appellant timely filed separate notices of appeal at each underlying docket on September 24, 2021.[2] On October 7, 2021, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on October 28, 2021.

Preliminarily, appellate counsel seeks to withdraw representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007).

---

[2] This Court subsequently consolidated the appeals *sua sponte*.

- 3 -

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw:

> Neither ***Anders*** nor ***McClendon***[3] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> *      *      *
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360.  Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** at 178-79, 978 A.2d at 361.  After confirming that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006).  ***See also Commonwealth v. Dempster***, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

---

[3] ***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981).

Instantly, appellate counsel has filed a petition to withdraw. The petition states that counsel reviewed the trial court record and determined that the appeal is frivolous. Counsel also served a copy of the petition to Appellant, along with a letter advising him of his right to file a response to counsel's petition as either a *pro se* litigant, or through new counsel. Further, counsel filed an **Anders** brief which explains the facts and procedural history of the case and discusses the relevant law. Counsel's brief also cites to the record and explains counsel's conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements set forth in **Anders** and **Santiago**.

Counsel raises the following issue on Appellant's behalf:[4]

> Is Appellant's appeal, challenging the trial court's denial of his motion to withdraw his guilty pleas based on his mistaken belief that [the] sentencing judge agreed to let him go to inpatient rehabilitation if he pled guilty and the trial court's sentence in the aggravated range,…wholly frivolous and without arguable merit within the meaning of [**Anders**]?

(**Anders** Brief at 4).

Appellant argues the court abused its sentencing discretion by imposing a sentence in the aggravated range. Appellant further stresses that he was under the impression "that [the] sentencing judge **agreed** to let him go to inpatient rehabilitation if he pled guilty." (**Id.** at 9) (emphasis in original).

---

[4] Appellant has not responded to the **Anders** brief *pro se* or with newly-retained counsel.

Appellant contends that the court should have let Appellant withdraw his guilty plea when Appellant realized that he misunderstood the nature of his plea deal. Appellant concludes the court erred by failing to grant his motion to withdraw his guilty plea and by imposing an aggravated-range sentence, and this Court must grant relief. We disagree.

Initially, a challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. **Commonwealth v. Hunter**, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Significantly, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. **Commonwealth v. Griffin**, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013). "This failure cannot be cured by submitting the challenge in a Rule 1925(b) statement." **Commonwealth v. McAfee**, 849 A.2d 270, 275 (Pa.Super. 2004), *appeal*

- 6 -

*denied*, 580 Pa. 695, 860 A.2d 122 (2004).

Instantly, Appellant did not file a post-sentence motion or object to the court's sentencing discretion on the record at the sentencing hearing. Instead, Appellant raised his sentencing challenge for the first time in his concise statement. Thus, Appellant did not properly preserve his sentencing claim on appeal and the issue is waived. ***See Griffin, supra***; ***McAfee, supra***.

Even if Appellant had preserved his sentencing claim on appeal, this Court will not disturb the judgment of the sentencing court absent an abuse of discretion. ***Commonwealth v. Fullin***, 892 A.2d 843 (Pa.Super. 2006).

> [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, …: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the

guidelines merely inform the sentencing decision.

*Commonwealth v. Walls*, 592 Pa. 557, 564-65, 926 A.2d 957, 961-62 (2007) (internal quotation marks, footnotes, and citations omitted).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). *See also Commonwealth v. Fowler*, 893 A.2d 758 (Pa.Super. 2006) (stating where court had benefit of pre-sentence investigation report, we can presume it was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors).

Instantly, the trial court explained the rationale behind sentencing Appellant in the aggravated range as follows:

> [The trial court] reviewed the Pre-Sentence Report prepared for [it] by the Probation Office. [Appellant is] thirty-eight years old, [he has] four prior crimes dating back approximately ten years, clearly addiction issues whether it be [h]eroin, [p]ot…[.] [T]he aggravated sentence recommended to [the court] is not because [Appellant is] an addict[,] it's because of continued criminal activity. Had [Appellant] gotten treatment and followed through in recovery and not had a new criminal charge that might be a different story[,] but [Appellant did] have a current charge pending…similar to prior charges involving trespass.

(N.T. Sentencing Hearing, 8/26/21, at 21-22).

The sentencing judge also highlighted that Appellant's crime impacted

the victim and caused her to become paranoid and hypervigilant. (*Id.* at 22). The record shows the trial court properly explained the factors it relied on when imposing an aggravated range sentence. *See* 42 Pa.C.S.A. § 9721(b). Moreover, the court had the benefit of a pre-sentence investigation report, so the court was aware of all relevant and mitigating factors. *See Fowler, supra*. Thus, even if Appellant had preserved his sentencing challenge, it would not merit relief. *See Fullin, supra*. *See also Walls, supra*.

With respect to Appellant's challenge to the court's denial of his motion to withdraw his guilty plea, this Court reviews the denial of a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Gordy*, 73 A.3d 620 (Pa.Super. 2013). *See also* Pa.R.Crim.P. 591(A) (stating: "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty"). "[T]he proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Commonwealth v. Carrasquillo*, 631 Pa. 692, 706, 115 A.3d 1284, 1292 (2015). Moreover, while Pennsylvania law embraces a liberal policy with respect to granting motions to withdraw a guilty plea,

> [T]rial courts have the discretion to assess the plausibility of claims of innocence. Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these

matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

*Commonwealth v. Norton*, 650 Pa. 569, 584-85, 201 A.3d 112, 121 (2019).

Further, a guilty plea will be deemed valid if an examination of the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. *Commonwealth v. Rush*, 909 A.2d 805, 808 (Pa.Super. 2006). Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and the defendant bears the burden of proving otherwise. *Commonwealth v. Pollard*, 832 A.2d 517, 522-23 (Pa.Super. 2003).

Instantly, on July 8, 2021, Appellant executed a written guilty plea colloquy. In the written colloquy, Appellant acknowledged that he knew a judge would determine his sentence, and that he had not made an agreement with the Commonwealth regarding a specific sentence. (*See* Written Plea Colloquy, 7/8/21). Additionally, Appellant engaged in an oral colloquy with the court. During the oral colloquy,

[Appellant] was read the nature of the charges against him including the facts as presented by the prosecution, which [Appellant] affirmatively responded were accurate. Later during the colloquy, [Appellant] was informed of his right to a trial by jury where he would be tried with a presumption of innocence and was notified of the potential range of

- 10 -

> sentences. Additionally, [Appellant] openly stated at the colloquy and agreed that the only promise that was made to him was that the Prosecution would offer [Appellant] a plea offer to a paraphernalia charge in a pending case.

(Trial Court Opinion at 4) (internal citations omitted). Importantly, nothing in the written guilty plea colloquy or on the record during the oral colloquy reflected that Appellant attending in-patient rehabilitation was part of the plea deal.

Prior to sentencing, the court considered Appellant's motion to withdraw his guilty plea. Appellant's chief complaint was that he thought the court was going to let him attend in-patient rehabilitation as part of the plea deal, but the record belied that claim. Appellant then tried to assert his innocence, but the court decided Appellant was making a bald assertion of innocence without offering a credible defense to the charges. (**See** N.T. Sentencing Hearing, 8/26/21, at 18). Thus, the court concluded that it would not promote fairness or justice to allow Appellant to withdraw the guilty plea and denied the motion. (**See id.**).

The record supports the trial court's decision to deny Appellant's motion to withdraw his plea. Under the totality of these circumstances, Appellant entered a knowing, voluntary, and intelligent guilty plea. **See Rush, supra**; **Pollard, supra**. Further, Appellant offered only a bare assertion of innocence, which failed to prove that "permitting withdrawal of the plea would promote fairness and justice." **See Norton, supra**; **Carrasquillo, supra**. We see no

abuse of discretion concerning the court's decision to deny Appellant's motion. *See Gordy, supra*.

Following our independent review of the record, we agree the appeal is frivolous. *See Dempster, supra*; *Palm, supra*. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2022